IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Levi Shane Ales, | ) | No. CV-16-1840-PHX-NVW (JZB) |
| | ) | |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| Charles Ryan, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

TO THE HONORABLE NEIL V. WAKE, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Levi Shane Ales has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)

## I.     SUMMARY OF CONCLUSION

Petitioner submits 10 Grounds in support of his claims that his 2013 trial convictions were unfairly obtained.  On direct appeal, Petitioner's counsel filed an *Anders* brief, and Petitioner was given the opportunity to submit a supplemental brief and failed to do so. Petitioner's convictions were affirmed by the Arizona Court of Appeals. All of Petitioner's claims are procedurally defaulted because Petitioner did not properly raise them in the Arizona courts. Petitioner fails to demonstrate cause and prejudice to excuse his default. Therefore, the Court will recommend the Petition be denied and dismissed with prejudice.

## II.   BACKGROUND

### a.  Facts

The Arizona Court of Appeals summarized the facts of the case.

> The evidence presented at trial . . . showed that on August 2, 2012, Mesa Police Department [] Detective C. received a tip that criminal activity was taking place inside a vehicle; the tip included a description of the vehicle, its occupants, and its location. Detective C. and other police officers located the vehicle and followed it. After watching the vehicle make several traffic violations, Detective C. stopped the vehicle at a gas station.
>
> As Detective C. approached the vehicle, he observed a camping chair bag lying next to the "driver's left leg." The driver, who was later identified as Defendant, provided his name and date of birth, but was unable to produce any form of identification.
>
> During the course of the traffic stop, Detective C. learned that Defendant's license was suspended; as a result, he arrested Defendant. During a subsequent search of the vehicle, another officer removed the camping chair bag and discovered a loaded twelve-gauge shotgun ("the shotgun") inside. Detective C. also found a tan bag containing eleven twelve-gauge shotgun shells and a black backpack containing a socket wrench, a folding knife, and a wallet with two of Defendant's state identification cards.
>
> Detective C. transported Defendant to jail where he was Mirandized and questioned. Defendant claimed that he recently purchased the vehicle, and that the camping bag was already inside the car when he purchased it. However, Defendant could not remember from whom he purchased the car or how much he paid for the car. Defendant also admitted to Detective C. that he was a prohibited possessor and currently on probation.

*State v. Ales*, Nos. CR-13-0658, CR-13-0808, 2014 WL 4716074, at *2 (Ariz. Ct. App. Sept. 23, 2014).

### b.  Procedural History

#### i.   Trial and Sentencing

The Arizona Court of Appeals summarized the procedural history in the case.

> The evidence presented at trial in the New Case showed that on August 2, 2012, Defendant was arrested in Maricopa County Case No. CR2012–141400–001 (the "New Case"). Defendant was charged in the New Case with one count of misconduct involving weapons and one count of possession or use of dangerous drugs . . . . The New Case

eventually went to trial in August 2013.

At the close of the evidence in the New Case, the jury was initially unable to reach a verdict for the charge of misconduct involving weapons. The trial court gave the jury an impasse instruction and asked the jury to further deliberate. The jury then returned a verdict finding Defendant guilty.

Following the guilty verdict in the New Case, a jury determined Defendant had two historical prior felony convictions, one non-historical felony conviction, and was on probation for a felony conviction at the time of the offense.

Based on Defendant's conviction in the New Case, the trial court determined that Defendant was in automatic violation of his probation in the Probation Case. Both the New Case and the Probation Case were set for sentencing and disposition in September 2013.

In the New Case, the trial court sentenced Defendant to twelve years' incarceration and awarded him 409 days of pre-sentence incarceration credit. In the Probation case, the trial court revoked Defendant's probation and sentenced him to one-and-one-half years' incarceration with credit for 258 days' time-served. The court ordered the sentence in the Probation Case to be served consecutively to the sentence in the New Case.

*Ales*, 2014 WL 4716074, at *1.

### ii.  Direct Appeal

Petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating counsel had "searched the record on appeal" and "found no arguable question of law that is not frivolous." (Doc. 11-1, Ex. A, at 17.)

On September 23, 2014, the Arizona Court of Appeals reviewed the record and affirmed Petitioner's convictions and sentences. *Ales*, 2014 WL 4716074, at *1-4.  The Court stated:

We have read and considered counsel's brief, carefully searched the entire record for reversible error and found none. *Clark*, 196 Ariz. at 541, ¶ 49, 2 P.3d at 100. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and substantial evidence supported the finding of guilt. Defendant was present and represented by counsel at all critical stages of the proceedings. At sentencing, Defendant and his counsel were given an opportunity to speak.

1

2

3
> Accordingly, Defendant's convictions and sentences are affirmed . . . . Defendant shall have thirty days from the date of this decision to proceed, if he so desires, with an in propria persona motion for reconsideration or petition for review.

4   *Ales*, 2014 WL 4716074, at *3-4.  Petitioner did not file a motion or petition for review.

5   On November 13, 2014, the mandate issued. (Doc. 11-1, Ex. D, at 37.)

6   On December 8, 2015, Petitioner mailed a Petition for Review with the Arizona

7   Supreme Court. (Doc. 11-1, Ex. M, at 82.) The petition was filed on January 11, 2016.

8   (*Id*.)  On May 24, 2016, the court denied review. (Doc. 11-1, Ex. O, at 90.)

9   ### iii.  Petition for Post-Conviction Relief

10   On October 14, 2014, Petitioner initiated a post-conviction relief proceeding under

11   Rule 32, Ariz. R. Crim. P., by filing a Notice of Post-Conviction Relief. (Doc. 11-1, Ex.

12   C, at 30.) On December 11, 2014, the trial court ordered "[a]llowing the timely Rule 32

13   proceeding, initiated on October 28, 2014 to proceed **only** as to the probation revocation

14   that took place on September 16, 2013." (Doc. 11-1, Ex. E, at 40) (emphasis added).

15   On April 4, 2015, the court ordered that "[i]f he so chooses, Defendant shall file a

16   Pro Per Petition for Post-Conviction Relief no later than May 19, 2015." (Doc. 11-1, Ex.

17   F, at 42.) On April 27, 2015, Petitioner filed a PCR petition. (Doc. 11-1, Ex. G, at 46.)

18   On November 24, 2015, the trial court denied the PCR petition stating: "The

19   defendant's Petition does not allege any grounds for relief addressed to the probation

20   revocation or disposition held on September 16, 2013. The defendant has failed to present

21   any material issues of fact or law which would entitle him to relief." (Doc. 11-1, Ex. L, at

22   80.)[1]

23   Petitioner admits he did not file a petition for review with the Arizona Court of

24   Appeals. (Doc. 1 at 5.)

25   ### iv.  Second Petition for Post-Conviction Relief

26   

27   

28   

[1] In the order denying the petition, the court reiterated that "[o]n December 11, 2014 the Rule 32 Management Unit Judge issued an order allowing this Rule 32 proceeding to proceed only as to the probation revocation which occurred on September 16, 2013." (Doc. 11-1, Ex. L, at 79-80.)

On May 12, 2016, Petitioner filed a second Notice of Post-Conviction Relief. (Ex. P.) On June 21, 2016, the court dismissed the notice as untimely and procedurally barred. (Doc. 11-1, Ex. Q, at 96.) Petitioner did not file a petition for review with the Arizona Court of Appeals. (Doc. 1 at 5.)

## III.   PETITIONER'S HABEAS PETITION

On June 9, 2016, Petitioner filed the instant habeas Petition. (Doc. 1.) Petitioner submits 10 grounds in the Petition. The Court summarized the grounds:

> Ground One: "Illegal search and seizure by city detectives by breaking and entering vehicle to search";
>
> Ground Two: "Illegal stop…deprived me of my life, liberty and property";
>
> Ground Three: "Unconstitutional use of evidence (shotgun), plantation [sic] of weapon";
>
> Ground Four: "6th Amend[ment] right (to be represented by a competent attorney)";
>
> Ground Five: "Unconstitutional use of perjured testimony by witnesses";
>
> Ground Six: "6th Amend[ment] right (right to confront said accusers)";
>
> Ground Seven: "Denial of courts (Maricopa County Superior Court on new case) #CR2012-141400-001 and issues raised in case";
>
> Ground Eight: "Grounds for mistrial";
>
> Ground Nine: "Coercion of jury by trial judge (5th Amend[ment and] 14th Amend[ment] Due Process)"; and
>
> Ground Ten: "Bias judge (5th and 14th A[mendment] Due Process)."

(Doc. 4 at 2.)

## IV.   LEAGAL STANDARDS

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. §§ 2241(c)(3), 2254(a).  Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. §

1  2244.

2    **a.  Timeliness**

3    The AEDPA imposes a one-year limitation period, which begins to run "from the

4  latest of . . . the date on which the judgment became final by the conclusion of direct

5  review or the expiration of the time for seeking such review."   28 U.S.C. §

6  2244(d)(1)(A). The AEDPA provides for tolling of the limitations period when a

7  "properly filed application for State post-conviction or other collateral relief with respect

8  to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-

9  conviction review is pending once a notice of post-conviction relief is filed.  *See Isley v.*

10 *Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004). *See also* Ariz. R. Crim. P.

11 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief

12 with the court in which the conviction occurred.").

13   A state petition that is not filed within the state's required time limit, however, is

14 not "properly filed," and, therefore, the petitioner is not entitled to statutory tolling. *Pace*

15 *v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely

16 under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v.*

17 *Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post–conviction

18 petition was not "properly filed" under the AEDPA's tolling provision). Thus, the

19 AEDPA grants a criminal defendant one year from the conclusion of his direct appeal,

20 minus time spent litigating a "properly filed" post–conviction claim, to file a federal

21 habeas corpus petition.

22    **b.  Exhaustion and Procedural Default**

23   Ordinarily, a federal court may not grant a petition for writ of habeas corpus

24 unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To

25 exhaust state remedies, a petitioner must afford the state courts the opportunity to rule

26 upon the merits of his federal claims by "fairly presenting" them to the state's "highest"

27 court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)

28 ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly

present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31–32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731-32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297–99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See*

*Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731–32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732. *See also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to *pro se* petitioners as well as to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook*, 538 F.3d at 1027 (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986)). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a petitioner must show that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1996). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook v. Schriro*, 538 F.3d 1000, 1028 n.13 (9th Cir. 2008).

Lastly, "[t]o qualify for the 'fundamental miscarriage of justice' exception to the procedural default rule" a petitioner "must show that a constitutional violation has 'probably resulted' in the conviction when he was 'actually innocent' of the offense."

1    *Cook*, 538 F.3d at 1028 (quoting *Murray*, 477 U.S. at 496). *See Schlup v. Delo*, 513 U.S.

2    298, 329 (1995) (petitioner must make a credible showing of "actual innocence" by

3    "persuad[ing] the district court that, in light of the new evidence, no juror, acting

4    reasonably, would have voted to find him guilty beyond a reasonable doubt.").

5    **V.    DISCUSSION**

6         **a.   Timeliness**

7         On September 23, 2014, the Arizona Court of Appeals reviewed the record and

8    affirmed Petitioner's convictions and sentences. *Ales*, 2014 WL 4716074, at *1-4.   On

9    November 13, 2014, the mandate issued after Petitioner failed to file for timely review

10   with the Arizona Supreme Court. (Doc. 11-1, Ex. D, at 37.)

11        On December 11, 2014, the trial court issued an Order "[a]llowing the timely Rule

12   32 proceeding, initiated on October 28, 2014 to proceed **only** as to the probation

13   revocation that took place on September 16, 2013." (Doc. 11-1, Ex. E, at 40) (emphasis

14   added).[2] On November 24, 2015, the court's final ruling denied PCR relief finding:

15                    On December 11, 2014 the Rule 32 Management Unit
16             Judge issued an order allowing this Rule 32 proceeding to
               proceed only as to the probation revocation which occurred
17             on September 16, 2013. The defendant's Petition does not
               allege any grounds for relief addressed to the probation
18             revocation or disposition held on September 16, 2013. The
               defendant has failed to present any material issues of fact or
19             law which would entitle him to relief.

20             IT IS THEREFORE ORDERED denying the Defendant's
               Petition for Post-Conviction Relief.

21   (Doc. 11-1, Ex. L, at 80.)

22        The AEDPA provides for tolling of the limitations period when a "properly filed

23   application for State post-conviction or other collateral relief with respect to the pertinent

24   _____

25        [2] The trial sentencing and probation revocation both occurred on September 16,
26   2013. *Ales*, 2014 WL 4716074, at *1. The Notice of Post-Conviction Relief filed by
     Petitioner lists both the probation revocation and the trial case numbers. (Doc. 11-1, Ex.
27   C, at 30.) Petitioner's Notice argued ineffective assistance of counsel during trial. (*Id.*)
     The trial court gave no explanation regarding the reason the court permitted only a PCR
     petition on the probation revocation. In his Reply, Petitioner refers to a "prior Rule 32
28   proceeding" that was previously denied, which may have formed the unmentioned basis
     for the ruling. (Doc. 14 at 4.)

judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, the post-conviction matter regarding Petitioner's trial case arguably ended when the trial court terminated the trial case post-conviction review on December 11, 2014. (Doc. 11-1, Ex. E, at 40). Petitioner did not appeal this ruling. (Doc. 1 at 5.)

But the trial record also reflects some confusion on the part of the state judge regarding whether the trial case would be briefed on post-conviction review. After ordering that the post-conviction review proceed only on the probation case, the trial court subsequently issued a "request for clarification" stating that the court ordered a response in both the trial and probation cases. (Doc. 11-1, Ex. I, at 70.) The court further ordered that the State "clarify whether its Response" in the probation case would also be a response in the trial case. (*Id.*)  The State responded by alerting the court to its prior order permitting the post-conviction matter proceed only in the probation case. (Doc. 11-1, Ex. J, at 72.) Petitioner might be entitled to equitable tolling given the unusual court orders in the post-conviction matters.

Also, there is no evidence before the Court regarding why Petitioner's trial post-conviction relief matter was not permitted to proceed. Further, Respondents did not argue that the Petition is untimely.  (Doc. 11.)  Ultimately, this Court declines to find the Petition is untimely.  "[A] district court may raise a time bar on its own initiative" and "has discretion to decide whether the administration of justice is better served by dismissing the case on statute of limitations grounds or by reaching the merits of the petition." *Day v. McDonough*, 547 U.S. 198, 208-209 (2006). Here, Respondents did not assert the Petition was untimely, so neither party addressed the issue.  Because the issues of exhaustion and procedural default are straightforward, the Court proceeds to those issues.

### b.  Exhaustion and Procedural Default

Petitioner's claims are unexhausted and procedurally defaulted because he failed to raise them on direct appeal. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate

process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quotation omitted). Here, Petitioner's counsel filed an *Anders* brief, and Petitioner declined to file a supplemental brief.  All 10 of the grounds submitted in this Petition allege substantive trial-related issues that Petitioner was required to exhaust on direct appeal. Petitioner did not raise a claim before the Arizona Court of Appeals. "In cases not carrying a life sentence or the death penalty, 'claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them.'" *Castillo v. McFadden*, 399 F.3d 993, 998 (9th Cir. 2005) (quoting *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

The Arizona Court of Appeals' review pursuant to *Anders* did not result in exhaustion.  "Where the parties did not mention an issue in their briefs and where the court did not mention it was considering that issue sua sponte, there is no evidence that the appellate court actually considered the issue, regardless of its duty to review for fundamental error, and the issue cannot be deemed exhausted." *Moormann v. Schriro*, 426 F.3d 1044, 1057 (9th Cir. 2005).[3] If *Anders* review exhausted all federal claims, this would stand the fair-presentment doctrine on its head. Defendants who submitted only *Anders* briefs would preserve every potential federal issue compared to defendants who submitted discreet appellate issues.  *See also Smiley v. Ryan*, No. CV–12–2525–PHX–FJM, 2014 WL 7272474, *13 (D. Ariz. Dec. 18, 2014) ("Petitioner's claims were not exhausted simply by virtue of the review for error pursuant to *Anders*."). Because federal claims were neither raised by Petitioner nor addressed by the Arizona Court of Appeals, Petitioner's trial claims are unexhausted.

Petitioner's claims are procedurally defaulted because his claims were not

---

[3] If the Arizona Court of Appeals had considered an issue on a federal constitutional basis, then the issue would be exhausted. *See Sandstrom v. Butterworth*, 738 F.2d 1200, 1206 (11th Cir. 1984) (finding a claim exhausted because "the court actually considered federal constitutional law in deciding that claim"). But here, the Arizona Court of Appeals raised no federal issues and cited only to state law. *See Ales*, 2014 WL 4716074, at *1-4.

properly presented and are now barred from review. *See Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991)).

The Court finds that Petitioner has procedurally defaulted Grounds One through Ten of the habeas Petition. Petitioner never presented these claims to the Arizona Court of Appeals on direct review and Arizona Rules of Criminal Procedure regarding timeliness and preclusion prevent Petitioner from returning to state court. *See* Ariz. R. Crim. P. 32.1(d)-(h), 32.2(a) (precluding claims not raised on direct appeal or in prior post-conviction relief petitions), 32.4(a) (time bar), 32.9(c) (petition for review must be filed within thirty days of trial court's decision). Petitioner's claims are procedurally defaulted. *See Coleman*, 501 U.S. at 735 n.1 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default for purposes of federal habeas.").

### c. Cause and Prejudice to Excuse Procedural Default

Petitioner fails to excuse the procedural default by a showing of cause and prejudice. Pursuant to the "cause and prejudice" test, a petitioner must point to some external cause that prevented him from following the procedural rules of the state court and fairly presenting his claim. "A showing of cause must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [the prisoner's] efforts to comply with the State's procedural rule. Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." *Robinson v. Ignacio*, 360 F.3d 1044, 1052 (9th Cir. 2004) (citations and internal quotations omitted).

In his Reply, Petitioner asserts that "Grounds 1-10 I understand haven't been fully exhausted but that is my fault because if I knew how the appeal process worked [I] would

have exhausted all grounds . . . ." (Doc. 14 at 4.) Petitioner adds that "when I filed a Rule 32 I sent it to the Arizona Supreme Court not know I filed wrong when I was trying to go to the next step after my first direct appeal." (*Id.*)   Petitioners *pro se* status, limited legal resources, and ignorance of the law during the applicable filing period do not constitute extraordinary circumstances justifying equitable tolling. *See, e.g.*, *Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 909 (9th Cir. 1986) (finding that petitioner's illiteracy and lack of legal assistance "although unfortunate, are nevertheless insufficient to meet the cause standard"); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (finding petitioner's "ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse his procedural default").

Regarding the fundamental miscarriage of justice exception, Petitioner fails to "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B). Here, Petitioner does not argue actual innocence. To pass through the actual innocence/*Schlup* gateway, a petitioner must establish his or her factual innocence of the crime and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324; *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011). Petitioner fails to satisfy this high bar.

### d.  *Martinez v. Ryan*

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court established a limited exception to the general rule that ineffective assistance of post-conviction counsel could not be "cause" to excuse the procedural default of an ineffective assistance of trial counsel claim.  *Martinez* held that inadequate assistance of post-conviction counsel "at initial-review collateral review proceedings," such as Rule 32 proceedings in Arizona, "may establish cause for a prisoner's procedural default of a claim of ineffective

assistance at trial." *Id.* at 1315.  A petitioner may establish cause for the procedural default of an ineffective assistance claim "where the state (like Arizona) required the petitioner to raise that claim in collateral proceedings, by demonstrating two things: (1) 'counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of Strickland . . .' and (2) 'the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.'" *Cook v. Ryan*, 688 F.3d 598, 607 (9th Cir. 2012) (quoting *Martinez*, 132 S. Ct. at 1318).

Here, Petitioner does not argue *Martinez* applies in this case, and only in Ground Four does Petitioner potentially allege ineffective assistance of counsel. Because *Martinez* applies only to defaulted claims of ineffective assistance of trial or appellate counsel, only the default of Ground Four may be excused. *See, e.g.*, *Pizzuto v. Ramirez,* 783 F.3d 1171, 1177 (9th Cir. 2015) (declining to extend *Martinez* to cover claims of trial error); *Hunton v. Sinclair*, 732 F.3d 1124, 1126-27 (9th Cir. 2013) (holding that *Martinez* does not apply to claims under *Brady v. Maryland* and noting that *Martinez* applies only to IAC claims).[4]

In Ground Four, Petitioner alleges he was not represented by a competent attorney at trial. (Doc. 1 at 9.)  In the final line of Ground Four, Petitioner alleges that his "PCR attorney . . . should have raised . . . all grounds that I'll be raising in this Petition for Habeas Corpus." (Doc. 1 at 9.) Liberally construing this claim, the Court reviews whether his claims in Ground Four are substantial. The Court finds Petitioner's allegations in Ground Four are not substantial.

In Ground Four, Petitioner argues trial counsel "refused to suppress evidence because she said that she didn't feel that the caselaw supported" it. (*Id.*) Petitioner argues there were issues related to impeachment evidence. (*Id.*)  He asserts counsel did not argue

---

[4] Even if *Martinez* applies to all the grounds raised in the Petition, the Court further finds that Petitioner failed to argue ineffective assistance of counsel in Grounds 1-3 and 5-10. Thus, Petitioner has waived this argument by failing to argue ineffective assistance of counsel within these Grounds.

"mistrial and coercion of jury by one mistrial of judge." (*Id.*) He states that trial counsel filed a motion in limine "saying nothing in regards to drugs" but an officer testified that a police "dog jumped straight into the back and alerted to 3 backpacks." (*Id.*) He asserts counsel failed to argue against an impasse instruction, impeach an officer regarding "breaking and entering," or raise illegal search/seizure and coercion of victim claims. (*Id.*)

Petitioner must bring forward evidence demonstrating that the underlying IAC claim is substantial. Ineffective assistance of claims are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). A claim is not substantial if it "does not have any merit or . . . is wholly without factual support." *Martinez*, 132 S.Ct. at 1319. To establish prejudice, the defendant "must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins*, 528 U.S. 259, 285 (2000). "When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is doubly deferential . . . because counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . [and] federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton,* 136 S. Ct. 1149, 1151 (2016) (quotations and citations omitted).

Here, Petitioner has failed to demonstrate that trial counsel's performance was deficient. Petitioner lists counsel's alleged failures, but Petitioner fails to argue why these omissions resulted in deficient performance. *See Jones v. Gomez,* 66 F.3d 199, 204 (9th Cir. 1995) (conclusory allegations of ineffective assistance do not warrant relief); *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Petitioner also fails to demonstrate prejudice. The Arizona Court of Appeals "read and considered counsel's brief, carefully searched the entire record for reversible error and found none." *Ales*, 2014 WL 4716074, at *4. Petitioner has failed to present any evidence to show that the Arizona court's decision regarding his ineffective assistance

claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. Also, Petitioner fails to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's unsupported, conclusory allegations regarding his trial are not sufficient to prove prejudice.

## VI.    EVIDENTIARY HEARING

The record is sufficiently developed and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

## CONCLUSION

Based on the above analysis, the Court finds that Petitioner's claims in Grounds 1-10 are procedurally defaulted, and Petitioner has not demonstrated cause and prejudice to excuse the default. The Court will therefore recommend that the Petition for Writ of Habeas Corpus (Doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28

1    U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72.  Thereafter, the parties have 14 days

2    within which to file a response to the objections.

3         Failure to timely file objections to the Magistrate Judge's Report and

4    Recommendation may result in the acceptance of the Report and Recommendation by the

5    district court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114,

6    1121 (9th Cir. 2003).  Failure to timely file objections to any factual determinations of

7    the Magistrate Judge will be considered a waiver of a party's right to appellate review of

8    the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's

9    Report and Recommendation.  *See* Fed. R. Civ. P. 72.

10        Dated this 9th day of January, 2017.

11

12

13                                    Honorable John Z. Boyle
                                      United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28